**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Andrew Earl CHAPNICK,**
**Defendant–Appellant.**

No. 91–50194.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 2, 1992.

Memorandum April 16, 1992.

Order and Opinion April 29, 1992.

Brian J. Hennigan, Irell & Manella, Los Angeles, Cal., for defendant-appellant Andrew Earl Chapnick.

Deidre M. Zalud, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee U.S.

Before: HUG, PREGERSON and POOLE, Circuit Judges.

## ORDER

The memorandum disposition for this case is redesignated an opinion authored by Judge Poole.

## OPINION

POOLE, Circuit Judge:

Defendant Andrew Earl Chapnick appeals his sentence of 112 months in federal prison, imposed upon conviction for bank robbery under the Sentencing Guidelines. Chapnick argues that the district court improperly classified him as a "career offender" because his two prior offenses should be considered either "consolidated for sentencing" or committed as part of a "common scheme or plan" under U.S.S.G. § 4A1.2(a). We have jurisdiction pursuant to 28 U.S.C. § 1291 and we vacate Chapnick's sentence and remand for resentencing.

## FACTS

On June 26, 1989, the Capital Bank of Woodland Hills, California was robbed. Shortly thereafter, a grand jury for the Central District of California indicted defendant Andrew Earl Chapnick on the single count of bank robbery. On January 4, 1991, Chapnick pled guilty to the indictment. He does not appeal his conviction.

The Probation Office recommended in its Pre-sentence Report to the district court that Chapnick be classified as a "career offender" under the United States Sentencing Guidelines. The Probation Office reached this conclusion because Chapnick had been involved as an eighteen-year old in two burglaries within a two-week period. On March 25, 1986, he entered a residence by crawling through a pet door and stole $18,000 in jewelry. On April 9, 1986, Chapnick and an accomplice persuaded a homeowner to open her door, then threatened her with a knife and robbed her of $7000 in jewels and other items. Chapnick pled guilty to both of these crimes in two separate branches of the California Superior Court in and for Los Angeles County.

The first burglary case was transferred to the same court that handled the second for sentencing purposes, and on May 22, 1992 a state judge sentenced Chapnick to identical concurrent sentences for the two

crimes. No formal order of consolidation for sentencing was entered; however, the docket sheets from the state court indicate the transfer of the first burglary case to the court handling the second crime for purposes of sentencing. Both cases retained separate docket numbers.

The district court adopted the Probation Office recommendation that Chapnick be classified a "career offender" under the Sentencing Guidelines. Relying on *United States v. Gross*, 897 F.2d 414, 417 (9th Cir.1990), the court held that the two prior burglaries for which Chapnick had been convicted in state court were not related. The district court departed downward from the Government's recommendation of a 125–month prison term and sentenced Chapnick to 112 months in federal prison and 3 years of supervised release. The court also ordered Chapnick to pay a $50 special assessment.

### DISCUSSION

■ Chapnick argues that his classification as a career offender[1] is foreclosed by the commentary to U.S.S.G. § 4A1.2, which provides that

[p]rior sentences are considered related if they resulted from offenses that (1) occurred on a single occasion; (2) were part of a single common scheme or plan; or (3) were consolidated for trial or sentencing.

*Id.*, Application Note 3. Specifically, Chapnick relies on provisions (2) and (3). If either of his arguments are correct, the two prior burglaries must be considered as one offense for the purpose of calculating his criminal history score. *See* U.S.S.G. § 4B1.2(3).[2]

■ The question whether two prior offenses are related under § 4A1.2 is a mixed question of law and fact subject to de novo review by this court. *United States v. Davis*, 922 F.2d 1385, 1388 (9th Cir.1991). Any findings of fact that underlie the district court's sentencing decision are reviewed for clear error. *United States v. Burns*, 894 F.2d 334, 336 (9th Cir.1990).

### I. "Common Scheme or Plan"

Chapnick argues that the characteristics of his two prior burglaries, and his motive for perpetrating them, are such that we must consider them part of a "common scheme or plan." We disagree.

In *United States v. Davis*, 922 F.2d 1385 (9th Cir.1991), we identified four factors relevant to the determination of whether prior offenses are part of a common scheme or plan. The factors are: (1) whether the crimes were committed "within a short period of time;" (2) whether the crimes involved the same victim; (3) whether the defendant was arrested by the same law enforcement agency for both crimes; and (4) when the arrests occurred and whether both crimes were solved during the course of one investigation. *Id.* at 1390. In addition, the court will examine the similarities in the offenses. *United*

---

**1.** U.S.S.G. § 4B1.1 specifies that the defendant should be considered a "career offender" if: (1) he was at least eighteen years old at the time he committed the crime with which he is charged; (2) the offense for which he is charged is a felony that can be considered a "crime of violence" or a controlled substance offense; and (3) he has at least two prior felony convictions of either a "crime of violence" or a controlled substance offense.

A "crime of violence" is
any offense under federal or state law punishable by imprisonment for a term exceeding one year that—(i) has as an element the use, attempted use, or threatened use of physical force against another, or (ii) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise in-

volves conduct that presents a serious potential risk of physical injury to another. U.S.S.G. § 4B1.2. Bank robbery is a "crime of violence." *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 521, 112 L.Ed.2d 532 (1990).

**2.** U.S.S.G. § 4B1.2(3) specifies that the term "two prior felony convictions" means both (1) that the instant offense occurred subsequent to two earlier felony convictions for a "crime of violence" and (2) the sentences for each of the two prior offenses are counted separately pursuant to § 4A1.1.

§ 4A1.1 establishes the criminal history points to be assigned to "prior sentence[s]." § 4A1.2(a)(2) specifies that "[p]rior sentences in related cases are to be treated as one sentence" for purposes of § 4A1.1.

*States v. Houser,* 929 F.2d 1369, 1374 (9th Cir.1991).

■ Application of these factors leads us to reject Chapnick's argument that his prior offenses were part of a "common scheme or plan." The burglaries occurred within two weeks of each other, involved two different victims, occurred in the same county, and were prosecuted by the same agency and prosecuting attorney. Furthermore, other than the fortuitous circumstance of receiving his sentence for both on the same day in the same courtroom, there were few similarities in the crimes themselves.

The *modus operandi* employed by Chapnick differed: in the first burglary Chapnick gained entry through surreptitious entry; in the second, he used force to obtain the valuable items he sought. We have previously held that similar crimes that share only a similar *modus operandi* cannot support a finding that the crimes are part of a common scheme or plan. *See Davis,* 922 F.2d at 1389 (citing *United States v. Jones,* 899 F.2d 1097, 1101 (11th Cir.), *cert. denied,* — U.S. —, 111 S.Ct. 275, 112 L.Ed.2d 230 (1990)). It would make little sense, then, to hold now that different *modus operandi* can support a finding that the crimes were part of a common scheme.

Unlike the situation in *Houser,* Chapnick was not charged with two separate burgla-

ries solely because they occurred in separate jurisdictions.[3] Nor did Chapnick's crimes involve the same victims—a factor other courts have frequently deemed determinative in holding prior offenses unrelated to each other. *See, e.g., Lowe,* 930 F.2d at 647; *United States v. Bishop,* 921 F.2d 1068, 1072 (10th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 2034, 114 L.Ed.2d 119 (1991); *United States v. Jones,* 899 F.2d 1097, 1101 (11th Cir.), *cert. denied,* — U.S. —, 111 S.Ct. 275, 112 L.Ed.2d 230 (1990).[4]

■ The one factor that most helps Chapnick is the time period over which the burglaries occurred. *See Davis,* 922 F.2d at 1390 (defendant's prior bad check offenses occurred thirteen months apart and thus did not occur "within a short period of time"); *Houser,* 929 F.2d at 1373–74 (defendant's prior narcotics offenses related where they occurred within six weeks of each other); *Lowe,* 930 F.2d at 647 (refusing to find prior offenses that occurred within two years of each other related). *But see Jones,* 899 F.2d at 1101 (refusing to find two bank robberies that occurred within 90 minutes of each other related offenses). However, because Chapnick's prior burglaries do not share any of the other characteristics cited in *Davis* and *Houser,* we decline to place controlling weight upon the amount of time that passed between the crimes.[5]

**3.** In *Houser* the defendant had sold controlled substances to the same undercover agent in two different Montana counties; we held that the sales should be considered part of a common scheme because they were similar in nature, occurred within six weeks of each other, were resolved as part of a single investigation, and had been charged separately only because they had occurred in different jurisdictions. *See also United States v. Manuel,* 944 F.2d 414, 416 (8th Cir.1991) (declining to hold that two separate check forgery schemes were part of common scheme where both federal and state prosecutions had occurred).

**4.** The fact that Chapnick's prior burglary convictions were set for sentencing by the same state judge at the same time, and resulted in identical concurrent sentences, does not aid Chapnick's argument. *See United States v. Smith,* 905 F.2d 1296, 1303 (9th Cir.1990); *United States v. Flores,* 875 F.2d 1110, 1114 (5th Cir.1989).

**5.** We note that the plain language of the Guidelines also proves harmful to Chapnick's argument. A "plan" is "a method of action or procedure" or a "project or definite purpose," while a "scheme" is a "plan, design, or program of action to be followed." *Random House College Dictionary* 1014, 1177 (rev. ed. 1980). They are "words of intention, implying that the [burglaries] ha[d] been jointly planned, or at least that the commission of one would entail the commission of the other as well." *United States v. Ali,* 951 F.2d 827, 827 (7th Cir.1992). There is no evidence indicating that the burglaries were conceived as a common "program of action."

We reject Chapnick's argument that his common motive for perpetrating the burglaries—to obtain money to support his drug habit—should be given controlling weight in determining whether his crimes were part of a "common scheme or plan." *See United States v. Rivers,* 929 F.2d 136 (4th Cir.1991); *United States v. Lowe,* 930 F.2d 645 (8th Cir.1991); *United States*

## II. "Consolidated for Sentencing"

The district court held Chapnick's prior burglary offenses unrelated on the authority of *United States v. Gross*, 897 F.2d 414 (9th Cir.1990). The court believed *Gross* to establish a rule that cases consolidated for sentencing cannot be considered "related." Reliance upon *Gross* was misplaced, however, because the *Gross* court's holding as to the weight to be given Commentary to the Sentencing Guidelines is no longer controlling law in this circuit. *See United States v. Anderson*, 942 F.2d 606, 614 n. 5 (9th Cir.1991) (en banc); *United States v. Fine*, 946 F.2d 650, 653 (9th Cir.1991) (recognizing that *Anderson* overruled *Gross* ); *United States v. Palmer*, 946 F.2d 97, 99 (9th Cir.1991) (same).

■ We held in *Anderson* that the district court cannot reject the Commentary if it can be construed consistently with the language of the Guideline itself:

[I]n order to reflect the general reliability of the commentary while still recognizing its limitations, we hold that courts shall:

(1) consider the guideline and commentary together, and

(2) construe them so as to be consistent, if possible, with each other and with the Part as a whole, but

(3) if it is not possible to construe them consistently, apply the text of the guideline.

*Anderson*, 942 F.2d at 613–14. Since Application Note 3 in the Commentary to § 4A1.2 is not inconsistent with the language of the Guideline itself, Chapnick's prior burglary convictions could not be considered two separate offenses, and Chapnick could not therefore be classified a "career offender," if the burglaries were "consolidated for ... sentencing."

We have not definitively established a rule for determining whether cases have been "consolidated" for purposes of § 4A1.2. However, we provided some guidance in resolving this issue in *United States v. Davis*, 922 F.2d 1385 (9th Cir. 1991). There, we held that two cases had not been consolidated for sentencing where the defendant was sentenced (1) on the same day (2) in separate courts (3) for two separate offenses (4) pursuant to a single plea agreement. We also noted that the cases (5) did not share a single docket number and that (6) the imposition of concurrent sentences did not suffice to render the cases consolidated for sentencing. 922 F.2d at 1390–91. *See also Smith*, 905 F.2d at 1303 (receipt of concurrent sentences for violation of probation on separate burglary and car theft convictions not to be counted as single conviction). However, concurrent sentences received because the sentencing judge considered the offenses somehow related may indicate that the cases were consolidated. *Davis*, 922 F.2d at 1391.

Chapnick received identical concurrent sentences for the burglaries from the same judge on the same day at the same hearing. The state courts entered no formal consolidation order, the cases retained separate files and docket numbers, and the sentences imposed for the two burglaries were recorded on two separate minute orders. However, the government does not dispute that a state court handling one of Chapnick's burglary cases entered an order transferring it to the court handling the other burglary for sentencing purposes.

The state judge handling the two burglary cases stayed a short county jail term imposed as punishment for the crimes to allow Chapnick to complete a drug rehabilitation program. This indicates that the state judge imposed identical concurrent sentences because the burglaries were related enough to justify treating them as

---

*v. Veteto*, 920 F.2d 823 (11th Cir.1991); *United States v. Kinney*, 915 F.2d 1471 (10th Cir.1990). "[T]o view 'motive' as dispositive in [a] series of criminal ... acts would be an absurdity.... If motive were the sole determining factor, virtually all prior convictions for any defendant could be characterized as related." *Lowe*, 930 F.2d at

647. Refusing to accord significant weight to common motive is logical, because "similar crimes are not necessarily related crimes." *United States v. Mitchell*, 941 F.2d 690, 691 (8th Cir.1991) (quoting *United States v. Lowe*, 930 F.2d at 647).

one crime. However, in any event we must assume that the state court believed the ends of justice required the burglary cases to be consolidated for sentencing. The basis for this evident belief is for the state court, not us, to determine.[6] It would elevate form over substance to hold that an order transferring a case for sentencing together with another case *and* identical consolidated sentences can never be enough to render the cases "consolidated for sentencing." The *Gross* court itself warned against any such inequitable elevation of rigid rules over the reality of a particular case. 897 F.2d at 417 (citing as intent of Sentencing Reform Act honesty, uniformity, and proportionality in sentencing and recognizing that "haphazard administration of justice" contravenes policy embodied in the Guidelines).[7] Accordingly, we hold that Chapnick's prior criminal offenses were "consolidated for sentencing" in the state court.

## CONCLUSION

Chapnick's sentence is VACATED and the case is remanded for resentencing.

---

6. The district court also apparently believed that Chapnick's two-week, two-burglary spree was essentially a single result of a serious drug dependency problem. The court's sympathy for this view of the relationship between Chapnick's crimes is indicated by its decision to depart downward from the 125–month term recommended by the Probation Office.

7. Any possibility that such treatment of the cases is excessively lenient can be ameliorated by invocation of cautionary language in Application Note 3 itself:

[T]here may be instances in which the definition is overly broad and will result in a criminal history score that underrepresents the seriousness of the defendant's criminal history and the danger he represents to the public. . . . In such circumstances the court should consider whether departure is warranted.

*See generally United States v. Lira–Barraza,* 941 F.2d 745, 747–48 (9th Cir.1991) (en banc) (authorizing upward departure for reasons not adequately taken into account in the Guidelines).