980 F.2d 740
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Javier Rodriguez NARANJO, Defendant-Appellant.
 No. 92-10139.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.*
Decided Dec. 1, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Javier Rodriguez Naranjo appeals his sentence under the United States Sentencing Guidelines, imposed following a guilty plea, for the distribution of heroin and possession of an unregistered firearm in violation of 26 U.S.C. §§ 841(a)(1) and 5861(d). Naranjo contends that the district court erroneously computed his criminal history score. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review de novo the legality of a sentence, United States v. Hahn, 960 F.2d 903, 907 (9th Cir.1992), while we review for clear error the district court's underlying factual findings, United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992).
 
 
 4
 Here, the presentence report (PSR) contained a recommendation that Naranjo receive one point for a 1990 drunk driving conviction in Sacramento, California. The PSR also recommended two additional points because Naranjo was on probation from the 1990 drunk driving conviction. See U.S.S.G. § 4A1.1(d). The three points resulted in a criminal history category of II. See U.S.S.G. § 5A. The PSR also indicated that in 1987 Naranjo was arrested in San Mateo County for narcotics possession and was referred to a drug diversion program.
 
 
 5
 At sentencing, the probation officer testified that she only added points for the drunk driving conviction. No points were added for the drug diversion case. Naranjo appears to contend that the district court erred by counting the drunk driving case in his criminal history score. This contention is frivolous. There is no basis in this record for challenging the inclusion of the drunk driving conviction and Naranjo, aware of its inclusion, declined to withdraw his plea at the sentencing hearing.
 
 
 6
 Accordingly, the district court properly calculated Naranjo's criminal history score.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3