980 F.2d 739
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Isidro DOMINQUEZ-VALTIERRA, Defendant-Appellant.
 No. 92-50368.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.*
Decided Dec. 3, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Isidro Dominquez-Valtierra appeals his sentence, imposed under the United States Sentencing Guidelines (U.S.S.G.), following his guilty plea to one count of transporting illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(B). Dominquez-Valtierra contends the district court erred by refusing to decrease his base offense level for absence of profit motive under U.S.S.G. § 2L1.1(b)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review for clear error the district court's factual findings in the sentencing phase. United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992). The sentencing guidelines prescribe a base offense level of nine for transporting illegal aliens. See U.S.S.G. § 2L1.1(a)(2). If the crime was committed other than for profit, then the base offense level is decreased to six. See U.S.S.G. § 2L1.1(b)(1). The defendant has the burden of proving factors in mitigation. See United States v. Howard, 894 F.2d 1085, 1090 (9th Cir.1990).
 
 
 4
 Here, the presentence report (PSR) calculated the applicable guideline range at four to ten months, based on a base offense level of nine, a two-level upward adjustment for reckless endangerment under section 3C1.2, a two-level downward adjustment for acceptance of responsibility under section 3E1.1, and a criminal history categroy of I. At the sentencing hearing, Dominquez-Valtierra argued that the base offense level should be reduced to six because the crime was not committed for profit. The district court offered to hold an evidentiary hearing on the issue of whether the crime was for profit, and Dominquez-Valtierra waived his right to an evidentiary hearing. The district court found that the offense was for profit based on the findings in the PSR and the reports provided by the government in response to Dominquez-Valtierra's objections to the PSR. The district court sentenced Dominquez-Valtierra to ten months in custody and three years supervised release.
 
 
 5
 Dominquez-Valtierra contends that the evidence with the greater indicia of reliability supported a finding that he did not commit the crime for profit. Our review of the record indicates that the district court did not clearly err by concluding that Dominquez-Valtierra committed the crime for profit. See Howard, 894 F.2d at 1087. There was sufficient evidence to support a finding that the crime was for profit, and Dominquez-Valtierra waived his opportunity to have a full evidentiary hearing on the issue of profit motive. Accordingly, the district court did not err by denying Dominquez-Valtierra a three-level reduction in base offense level.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3