985 F.2d 575
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee-Cross-Appellant,
v.
William Benton CUNNINGHAM, Defendant-Appellant-Cross-Appellee.
 No. 91-30440, 92-30004.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 6, 1993.
Decided Jan. 27, 1993.
 
 Appeal from the United States District Court for the District of Idaho, No. CR-91-00013-EJL Edward J. Lodge, District Judge, presiding.
 D.Idaho
 AFFIRMED IN PART AND REVERSED IN PART.
 Before EUGENE A. WRIGHT, FARRIS and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 A jury convicted Cunningham of several counts of bank fraud, 18 U.S.C. § 1344 (1988); misapplication of funds, 18 U.S.C. § 656; making false entries, 18 U.S.C. § 1005 and making false statements, 18 U.S.C. § 1014. He was sentenced on each count to 12 months custody and 3 years supervised release. His sentences were ordered to run concurrently. Cunningham appeals his convictions; the government cross-appeals the sentence. We affirm in part and reverse in part.
 
 1. INSUFFICIENT EVIDENCE OF BANK FRAUD
 
 3
 Cunningham argues that as a result of inconsistent jury verdicts, there was insufficient evidence to support his bank fraud conviction. We reject this argument. Even if the jury verdicts were inconsistent, he may not rely on them to dispute the sufficiency of the evidence. Sufficiency of the evidence review "should be independent of the jury's determination that evidence on another count was insufficient." United States v. Powell, 469 U.S. 57, 67 (1984). Assessing the reasons for the jury's inconsistency would be speculative, and Cunningham may not challenge the sufficiency of the evidence on these grounds. See id. at 65-66.
 
 
 4
 Cunningham also argues that the government failed to prove whether the maximum lending limits were exceeded in violation of Idaho Code § 26-709 (1990). Even if § 26-709 was violated, it is not criminal in nature. Whether the loans actually exceeded the state's maximum allowable amount was of secondary concern.
 
 
 5
 Furthermore, he construes § 26-709 too narrowly. The statute merely instructs how to aggregate loans if the borrower is a member of a firm, copartnership or unincorporated association. However, aggregation is not limited to these instances. If adopted, his narrow interpretation would let customers skirt the lending limitation by having another person act nominally as the borrower.
 
 
 6
 We reject Cunningham's remaining sufficiency of the evidence challenges. Our review of the evidence in a light most favorable to the government leads to the conclusion that a rational trier of fact could have been convinced of guilt beyond a reasonable doubt. United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992).
 
 2. JURY INSTRUCTIONS
 
 7
 a. Failure to Give Unanimity Instruction
 
 
 8
 Cunningham argues that the jurors required an instruction that they must agree unanimously upon one scheme before convicting him of bank fraud. A district court's formulation of jury instructions is reviewed for abuse of discretion. United States v. Johnson, 956 F.2d 197, 199 (9th Cir.1992). When there is no objection at trial, we review only for plain error. United States v. Kessi, 868 F.2d 1097, 1102 (9th Cir.1989). If there is an objection, we determine whether giving the improper instruction was harmless error. United States v. Mastelotto, 717 F.2d 1238, 1246 (9th Cir.1983).
 
 
 9
 The nature of Cunningham's objections at trial is unclear. We require that a unanimity objection be clear from the record to preserve the issue for harmless error review. See United States v. Bryan, 868 F.2d 1032, 1038 (9th Cir.) (defendant renewed request to charge own version of instructions but did not specify the grounds upon which he made this request; unanimity issue reviewed for plain error), cert. denied, 493 U.S. 858 (1989). We find that this issue should be reviewed for plain error. Plain error is a highly prejudicial error that affects substantial rights. United States v. Payne, 944 F.2d 1458, 1463 (9th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 1598 (1992). However, even if Cunningham's objections could be construed as clearly addressing the unanimity issue, any prejudice resulting from the error was harmless.
 
 
 10
 A unanimity instruction is required where a discrepancy between the evidence and the indictment, the complex nature of the evidence or another factor creates a genuine possibility of juror confusion. Cunningham fails to demonstrate that any of these factors were present. See United States v. Feldman, 853 F.2d 648, 653 (9th Cir.1988), cert. denied, 489 U.S. 1030 (1989) (no unanimity instruction required even though defendant's actions to conceal insurance proceeds were convoluted to mislead creditors in scheme to defraud). No unanimity instruction was required.
 
 
 11
 b. Instruction about proof of every allegation
 
 
 12
 Cunningham challenges the denial of his proposed jury instruction. Disagreement arose over whether the instruction accurately described the government's burden of proof as a matter of law. Questions of law are reviewed de novo. United States v. Gomez-Osorio, 957 F.2d 636, 642 (9th Cir.1992).
 
 
 13
 Contrary to Cunningham's proposed instruction, the government need not prove every part of the scheme in its entirety and precisely as alleged. See United States v. Wellington, 754 F.2d 1457, 1462 (9th Cir.) (government not required to prove every allegation of fraudulent activity in indictment), cert. denied, 474 U.S. 1032 (1985); see also United States v. Beecroft, 608 F.2d 753, 757 (9th Cir.1979) ("Proof of any one or more of the fraudulent representations is sufficient."). Furthermore, the "essential" loan scheme alleged against Cunningham would remain the same even if the jurors did not find each and every fraudulent activity mentioned in the indictment. Likewise, his remaining challenges for rejecting the proposed instruction are unpersuasive. We find no error in the court's instructions.
 
 
 14
 3. INSUFFICIENT EVIDENCE OF THE RELATED OFFENSES
 
 
 15
 Cunningham challenges the sufficiency of the evidence for his conviction of misapplication of funds (counts 10 and 11), making false entries (counts 12 through 14) and making false statements (count 15). For sufficiency of the evidence challenges, we review the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could have been convinced of guilt beyond a reasonable doubt. Bishop, 959 F.2d at 829. We affirm his convictions on all counts except count 11.
 
 
 16
 Count 11 charged that Cunningham "misapplied moneys, funds and credits" from the bank and diverted the funds from client Famco's "letter of credit" in order to pay interest on Wecker-related loans. Cunningham argues the government failed to prove "funds" were misapplied. The government counters that the indictment properly explained the misapplication of funds; it was from the bank control account, not the letter of credit. Furthermore, it argues that the background section defining the scheme in count 1 specifically mentions the bank account, and this was incorporated by reference into count 11.
 
 
 17
 The government's incorporation theory is flawed. In its jury instructions, the district court read count 11 (mentioning a letter of credit) but not the background language of count 1 (mentioning the bank account). If the jurors followed the instructions exactly as given, they must have found that the letter of credit was used to execute the scheme and not funds from Famco's bank account.
 
 
 18
 The government has not demonstrated that a sufficient connection existed between the Famco letter of credit and the Famco bank control account so that the jury implicitly could have found both were used, even if indirectly, to execute the scheme. It argues that the source of funds for the credit was a check Cunningham issued on the Famco bank control account. Yet he alleges that the letter of credit was not funded. The record is unclear. If the letter of credit was unfunded, then there was insufficient evidence to convict Cunningham of this count of misapplication of bank funds.
 
 
 19
 The jury may not have understood the significance of an unfunded letter of credit. The government has not explained how the trial proof supports a conviction apart from its failed attempt to incorporate the allegations in count 1. Reviewing the evidence in a light most favorable to the government, we hold no rational trier of fact could have found that "funds" from the "letter of credit" were misapplied. We reverse Cunningham's conviction on this count and note that our decision will not disturb his concurrent sentence.
 
 4. TIMELINESS OF GOVERNMENT APPEAL
 
 20
 The government's appeal of the sentence is governed by 18 U.S.C. § 3742(b)(2) (1988). Under § 3742(b), the government may appeal a sentence it believes was imposed as a result of a misapplication of the Sentencing Guidelines.
 
 
 21
 The government's appeal was timely under Fed.R.App.P. 4(b)(ii). Rule 4(b)(ii) applies to criminal appeals. Under a plain reading of Rule 4(b), the government can file its appeal either within 30 days of entry of judgment or of a notice of appeal by any defendant. The legislative history behind the 1988 addition of subsection ii supports this interpretation.[1] Because the government's notice was filed within 30 days of Cunningham's notice of appeal, this court has jurisdiction over the cross-appeal.
 
 5. DOWNWARD DEPARTURE
 
 22
 We review the legality of a sentence de novo. United States v. Hahn, 960 F.2d 903, 907 (9th Cir.1992). We review the district court's factual findings in the sentencing phase for clear error. United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992). After examining the record and the court's basis for departure, we find no error. The court properly departed downward from the guideline range. The departure downward was justified because Cunningham did not receive any kickbacks or other personal profit for his illegal conduct, which may be unusual for a bank fraud case. See United States v. Takai, 941 F.2d 738 (9th Cir.1991) (lack of pecuniary gain helps justify downward departure). We affirm Cunningham's sentence.
 
 
 23
 AFFIRMED in part, REVERSED in part.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The section-by-section analysis of the bill amending Rule 4(b) states that "[t]he amendment ... permit[s] either party to start counting the period for filing an appeal at the day an appeal is filed by the opposing party." 134 Cong.Rec. S7456 (daily ed. June 8, 1988)