995 F.2d 233
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Carl DENDY, Defendant-Appellant.
 No. 92-10380.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 14, 1993.
Decided May 25, 1993.
 
 Before REINHARDT, TROTT and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 James Carl Dendy appeals his conviction and sentence for manufacture of and possession with intent to distribute marijuana plants, in violation of 21 U.S.C. § 841(a)(1), and conspiracy to commit these offenses, in violation of 21 U.S.C. § 846. He argues that the district court improperly admitted a coconspirator's diary against him, that the jury instructions regarding the diary were improper, and that the district court incorrectly determined that two prior convictions were not related for sentencing purposes. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm Dendy's conviction, vacate his sentence, and remand for resentencing.
 
 
 3
 * A
 
 
 4
 Dendy argues that the district court erred in determining that the statements in the diary of Roy O'Banon were made in furtherance of the charged conspiracy. Therefore, he contends, the diary was improperly admitted against him as a non-hearsay statement under Fed.R.Evid. 801(d)(2)(E).
 
 
 5
 We review a district court's conclusion that statements were made in furtherance of a conspiracy for clear error. United States v. Nazemian, 948 F.2d 522, 529 (9th Cir.1991), cert. denied, 113 S.Ct. 107 (1992). It is not necessary that a particular statement in fact furthered the objectives of the conspiracy; the relevant inquiry is whether the declarant intended the statement to further the conspiracy. United States v. Schmit, 881 F.2d 608, 612 (9th Cir.1989); Nazemian, 948 F.2d at 529. Statements which are admissible as in furtherance of a conspiracy include "statements made to keep co-conspirators abreast of an ongoing conspiracy's activities." Nazemian, 948 F.2d at 529; see also United States v. Anderson, 813 F.2d 1450, 1456 (9th Cir.1987).
 
 
 6
 The district court's conclusion that O'Banon intended the statements in his diary to be used to keep Dendy and/or other persons advised regarding the marijuana growing operation[1] was not clearly erroneous.
 
 B
 
 7
 Dendy also argues that the jury instructions improperly permitted the jury to consider inadmissible portions of O'Banon's diary against Dendy.
 
 
 8
 We review the district court's formulation of jury instructions for abuse of discretion. See United States v. Johnson, 956 F.2d 197, 199 (9th Cir.1992). The court gave two instructions relating to the diary. Instruction 24 stated:
 
 
 9
 Exhibits 6 and 7 [the diary] may be considered by the jury insofar as they be relevant to Roy O'Banon's knowledge, intent, preparation, plan, or state of mind for being in the Verde River-Wet Bottom area during the period between April 25, 1991 and September 5, 1991.
 
 Instruction 14 stated:
 
 10
 Whenever the government proves beyond a reasonable doubt that a conspiracy existed, and that a defendant was one of the members, then the statements made and the acts by any person likewise found to be a member, may be considered by you as evidence in the case as to the defendant found to have been a member, even though the statements and acts may have occurred in the absence and without the knowledge of the defendant; provided such statements and acts were knowingly made and done during the continuance of such conspiracy, and in furtherance of some object or purpose of the conspiracy.
 
 
 11
 Otherwise, any admission or statement made or act done outside of court, by one person, may not be considered as evidence in the case against any person who was not present and heard the statement made, or saw the act done.
 
 
 12
 In deciding whether a statement was made or an act was done in furtherance of the conspiracy, the issue is not its actual effect in advancing the purposes of the conspiracy, but rather did the declarant intend to further the aims of the conspiracy.
 
 
 13
 Dendy argues that the district court erred by denying his request to insert the word "only" after "by the jury" in Instruction 24. In view of the district court's correct determination that portions of the diary were admissible against Dendy, its decision not to grant Dendy's request was not an abuse of discretion.
 
 
 14
 Dendy also contends that Instruction 14 was improper under our decision in United States v. Peralta, 941 F.2d 1003 (9th Cir.1991), cert. denied, 112 S.Ct. 1484 (1992), in which we held that "once the judge determines that ... hearsay statements are admissible under the co-conspirator exception, the jury should not be instructed that it must determine admissibility." Id. at 1008. Although the giving of such an instruction is error, it is not reversible error where the district court has made an independent determination that the coconspirator's statements are admissible. See id. at 1008-09; United States v. Federico, 658 F.2d 1337, 1342 n. 7 (9th Cir.1981) ("The instruction, if anything, favored the defendant."), overruled on other grounds, United States v. De Bright, 730 F.2d 1255, 1259 (9th Cir.1984) (en banc); United States v. Lutz, 621 F.2d 940, 946 n. 2 (9th Cir.) ("Giving the instruction was not reversible error, however, since it simply afforded the defendants unnecessary double protection: hearings before both the court and the jury."), cert. denied, 449 U.S. 859 (1980). Because the district court made an independent determination that portions of the diary were admissible against Dendy, the giving of Instruction 14 was not reversible error.
 
 II
 
 15
 Dendy also argues that the district court erred in determining that his two prior convictions for attempted theft were not related under U.S.S.G. § 4A1.2. In United States v. Chapnick, 963 F.2d 224 (9th Cir.1992), we held that offenses which are consolidated for sentencing are related even where there is no formal consolidation order. Id. at 228-29. See also United States v. Smith, No. 91-50029, slip op. at 4044 (9th Cir. Apr. 22, 1993). In the instant case, Dendy's prior attempted theft offenses were consolidated for trial[2] and sentencing, and the sentencing court imposed identical four-year concurrent sentences. Under these facts, the district court erred in determining that the two offenses were not related. Therefore, we vacate Dendy's sentence and remand for resentencing.
 
 
 16
 Because we vacate Dendy's sentence on these grounds, we do not reach his argument that the prior attempted thefts were part of a common scheme or plan.
 
 
 17
 AFFIRMED IN PART, VACATED IN PART, and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court stated during the suppression hearing that the diary contained "the kind of information that would be cataloged by the person in charge of the growing operation to keep others advised and to get information or give information about that."
 
 
 [2]
 Dendy pled guilty to both offenses pursuant to a single plea agreement