17 F.3d 397
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfonso MEJIA, Defendant,
Raul Jose Campos-Rozo, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfonso MEJIA, Defendant-Appellant.
 Nos. 92-30512, 93-30018.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1993.*
Decided Dec. 10, 1993.
 
 1
 Before: GOODWIN and HUG, Circuit Judges, and MCKIBBEN,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Raul Jose Campos-Rozo and Alfonso Mejia were convicted on one count each of interstate transportation in aid of racketeering in violation of 18 U.S.C. Sec. 1952. On appeal, Campos-Rozo and Mejia together advance two distinct arguments for resentencing. Mejia also advances an argument for reversal of his conviction. We find none of these arguments persuasive.
 
 A. Application of the Sentencing Guidelines
 
 4
 Campos-Rozo and Mejia contend that a 1987 cocaine transaction in Barrow, Alaska in which they were not involved, and which therefore constituted conduct extraneous to the offense of conviction, was improperly used at sentencing as "relevant conduct" pursuant to Sec. 1B1.3 of the Sentencing Guidelines. Campos-Rozo and Mejia argue that by considering the 1987 cocaine transaction at sentencing, the district court failed the test elaborated by the Ninth Circuit in United States v. Hahn, 960 F.2d 903 (9th Cir.1992). Under Hahn, conduct extraneous to the offense of conviction which contains a sufficient nexus to the offense of conviction to constitute the same course of conduct or a common scheme or plan is defined as "relevant conduct."
 
 
 5
 This court reviews de novo the way in which the district court applied the Sentencing Guidelines. United States v. Fagan, 996 F.2d 1009, 1017 (9th Cir.1993); United States v. Myers, 993 F.2d 713, 714 (9th Cir.1993). Campos-Rozo and Mejia were convicted by a jury of travelling in interstate commerce with the intent to facilitate the management of illegal narcotic trafficking by collecting $15,000 from another in payment of a drug debt in violation of 18 U.S.C. Sec. 1952. There is no allegation that the evidence was insufficient to support the conviction. In order to sentence Campos-Rozo and Mejia, the district court needed to determine only the offense level. The jury had already found that Campos-Rozo and Mejia collected $15,000 in payment of a drug debt. The district court, relying on uncontradicted testimony given at the sentencing hearing, reasoned that $15,000 in Barrow, Alaska in 1987 would have purchased roughly 400 grams of cocaine. 400 grams established a Sentencing Guideline offense level of twenty-four and Campos-Rozo and Mejia received a two-point adjustment for the restraint of one of the victims. The ultimate Guideline offense level of twenty-six established a range of sixty-three to seventy-two months. Because the ITAR statute carries a maximum of five years, Campos-Rozo and Mejia were sentenced to sixty months imprisonment.
 
 
 6
 United States v. Hahn is distinguishable from this case on its facts. In Hahn the court considered not only the conduct relating to the charged offense, but also a separate and distinct drug transaction unrelated to the offense of conviction. In this case, the underlying offense--the 1987 cocaine transaction in which Campos-Rozo and Mejia were not involved--was an integral part of the ITAR conviction.
 
 
 7
 The district court therefore did not use the 1987 cocaine transaction as "relevant conduct" at sentencing. The district court did not use separate crimes as sentencing factors. Campos-Rozo and Mejia were sentenced solely on the basis of the crime for which they were convicted, namely, travelling from New York to Alaska with the intent to facilitate the management of illegal narcotic trafficking by collecting $15,000 in payment of a drug debt in violation of 18 U.S.C. Sec. 1952. Because the district court sentenced Campos-Rozo and Mejia on the basis of the offense for which they were convicted, it is unnecessary to inquire into whether extraneous conduct properly constituted "relevant conduct" under Hahn for the purpose of sentencing.
 
 
 8
 B. Computation of Quantity of Cocaine from Cash Seized
 
 
 9
 Campos-Rozo and Mejia contend that the district court improperly converted approximately $15,000 in cash found on Campos-Rozo and Mejia when arrested into 400 grams of cocaine for sentencing purposes. Campos-Rozo and Mejia dispute the values used by the district court in its computation and claim that had the district court used different values their sentences would have been lighter.
 
 
 10
 This court reviews findings of fact that underlie the sentencing decision for clear error. United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992); See also, United States v. Daughtrey, 874 F.2d 213, 217-218 (4th Cir.1989) (the calculation of the amount of drugs which results in the establishment of the base offense level is a factual determination subject to review only for clear error). There was uncontradicted testimony at the sentencing hearing that in 1987, when the debt which Campos-Rozo and Mejia attempted to collect was incurred, a kilogram of cocaine sold for approximately $30,000 to $50,000 in Barrow, Alaska. The district court conservatively reasoned that the $15,000 which Campos-Rozo and Mejia collected would have represented 400 grams of cocaine in 1987 in Barrow. After careful review, we cannot say that the district court erred in determining the quantity of cocaine involved in the offense.
 
 C. Jury Instructions
 
 11
 Defendant Mejia argues that because of incorrect instructions the jury could have found him guilty of aiding and abetting without finding beyond a reasonable doubt that the crime had been committed. Specifically, Mejia objects to the use of the word "completed" rather than the word "committed" in the instruction regarding aiding and abetting. Mejia did not object to the word "completed" in the jury instructions at the time of trial.
 
 
 12
 A district court's formulation of jury instructions is reviewed for an abuse of discretion. United States v. Johnson, 956 F.2d 197, 199 (9th Cir.1992). Jury instructions are considered as a whole to determine if they are misleading or inadequate. United States v. Joetzki, 952 F.2d 1090, 1095 (9th Cir.1991). The district court instructed the jury that,
 
 
 13
 In order to find a defendant guilty of aiding and abetting a crime, the government must prove, beyond a reasonable doubt, three things:
 
 
 14
 (1) That the crime was actually completed.
 
 
 15
 (2) That the defendant knowingly and intentionally aided the commission of the crime; and
 
 
 16
 (3) The defendant acted before the crime was completed.
 
 
 17
 Although the first and third elements contain the word "completed" instead of "convicted," we cannot say the instruction as a whole was misleading or inadequate. The district court properly instructed the jury of the elements of the offense of interstate transportation in aid of racketeering, and the aiding and abetting instruction required the trier of fact to find that each of the elements of interstate transportation in aid of racketeering was established beyond a reasonable doubt before there could be a conviction.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Howard D. McKibben, United States District Judge, District of Nevada, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3