29 F.3d 637
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Andres Peregrino RICARDO, Defendant-Appellant.
 No. 93-30170.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 20, 1994.*
Decided July 20, 1994.
 
 1
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Andres Peregrino Ricardo appeals his conviction and sentence following a bench trial on charges of possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1). Ricardo contends on appeal that the district court erred by (1) denying his suppression motion on the ground that he knowingly and voluntarily waived his Miranda rights; and (2) sentencing him as a career offender. We reject these contentions, and we affirm.
 
 1. Miranda
 
 4
 Ricardo argues that he did not knowingly and voluntarily waive his Miranda rights because they were read to him in English rather than in his native Spanish. We agree that a language barrier is one factor to be considered when determining whether a defendant's waiver of rights is knowing and voluntary. See United States v. Bernard S., 795 F.2d 749, 751 (9th Cir.1986). Ricardo does not argue, however, that he did not understand the officers' English warnings. Rather, he argues only that because he is a native Cuban, "he should have been given his Miranda rights in Spanish." The district court found that Ricardo was conversant in English and that he had no apparent difficulty understanding the English Miranda warnings. These findings are not clearly erroneous.
 
 2. Career Offender
 
 5
 Ricardo was sentenced as a career offender pursuant to U.S.S.G. Sec. 4B1.1. He contends that his two prior convictions were "related" and accordingly should have been counted as one crime. We disagree. The undisputed facts in the presentence report show that the crimes were committed over seven months apart, were investigated by different agencies, involved different informants, were prosecuted by different jurisdictions, and resulted in unrelated criminal processes and sentencing. All of these factors support the district court's decision to treat these prior convictions as unrelated for purposes of determining career offender status. See United States v. Chapnick, 963 F.2d 224, 226-27 (9th Cir.1992) (applying these factors).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3