39 F.3d 1189
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas A. CZARNY, Defendant-Appellant.
 No. 93-50432.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 16, 1994.
Decided Nov. 1, 1994.
 
 Before: FEINBERG*, SCHROEDER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The district court properly treated appellant's prior federal sentence for bank robbery and state sentence for liquor store robberies as unrelated sentences for purposes of computing his criminal history under U.S.S.G. Sec. 4A1.2.
 
 
 3
 A. The offenses were separated by several months and are different in kind; robbing a bank is not the same as robbing a liquor store, even if the motive in each case is to obtain money for drugs. The appellant did use a weapon to commit each robbery, and the victims shared the common trait of being retail establishments, but that does little to establish a substantial connection between these crimes. Though some factors weigh in favor of finding the crimes related, we find on the whole that the prior offenses were neither "substantially connected to each other," U.S.S.G. Sec. 1B1.3 comment n. 9, nor part of a common scheme or plan, United States v. Chapnick, 963 F.2d 224 (9th Cir.1992).
 
 
 4
 B. The district court also properly held that the prior offenses had not been consolidated for sentencing. While prior offenses may be treated as consolidated for sentencing even if there is no formal consolidation order, id. at 228-29, appellant here was sentenced on different days by different judges in different courts. The fact that the federal sentence was ordered to run concurrent with the state sentence is not enough to warrant a finding of consolidation. United States v. Davis, 922 F.2d 1385, 1390 (9th Cir.1991) (holding that imposition of concurrent sentences did not suffice to render the cases consolidated for sentencing).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The Honorable Wilfred Feinberg, Senior United States Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3