68 F.3d 482
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wesley Earl RANSON, Defendant-Appellant.
 No. 94-10597.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 18, 1995.*
Decided Oct. 20, 1995.
 
 1
 Before: GOODWIN and HAWKINS, Circuit Judges, FITZGERALD[1], District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 In 1994, Wesley Earl Ranson ("Ranson") plead guilty to armed bank robbery, in violation of 18 U.S.C. Sec. 2113(a) and (d), and use of a firearm in a crime of violence, in violation of 18 U.S.C. Sec. 924(c), and was sentenced as a career offender pursuant to U.S.S.G. Sec. 4B1.1 in consideration of Ranson's two prior criminal convictions. Ranson appeals his sentence on the grounds that his two prior convictions could not be counted separately for career offender sentence enhancement because they were part of a common scheme and were consolidated for sentencing. We have jurisdiction under 28 U.S.C. Sec. 1291. After a de novo review, we affirm. See United States v. Gallegos-Gonzalez, 3 F.2d 325, 326 (9th Cir. 1993).
 
 I. BACKGROUND LAW AND FACTS
 
 4
 A defendant is a career offender if he has at least two prior, unrelated felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. Secs. 4B1.1 & 4B1.2. Prior convictions are related if they result from offenses that were not separated by intervening arrests and that "(1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing." U.S.S.G. Sec. 4A1.2(a)(2), comment. (n.3); see also Gallegos-Gonzalez, 3 F.3d at 326-27.
 
 
 5
 Prior to Ranson's 1994 bank robbery which is the basis of the case now under review, Ranson was convicted of numerous counts stemming from two criminal episodes. On May 3, 1980, Ranson broke into a house armed with a knife and fondled and robbed a female resident of the home at knife point. Prior to leaving the house, Ranson warned his victim that he knew where she and her mother worked and that he would return to the house and kill all its residents - the victim, her mother and her daughter - if anyone called the police.
 
 
 6
 On July 7, 1980, Ranson broke into the same house, again armed with a knife, assaulting a different female victim, the first victim's mother who also lived in the house. This time Ranson's victim managed to shoot Ranson leading to his capture.
 
 
 7
 For the May episode, a Nevada jury found Ranson guilty of robbery with use of a deadly weapon, burglary, and gross lewdness. For the July episode, Ranson pled nolo contendre to burglary with intent to commit a felony and attempted sexual assault. The two cases were prosecuted separately, under separate case numbers and Ranson was sentenced on different days by different judges in separate proceedings.
 
 II. THE RELATEDNESS OF THE PRIOR CONVICTIONS
 A. Common Scheme or Plan
 
 8
 Ranson argues that the two criminal episodes were part of a common scheme or plan and therefore cannot be counted separately under the career offender provision. In determining whether prior offenses are part of a common scheme, we consider certain factors: (1) whether the crimes were committed within a short period of time; (2) whether the crimes involved the same victim; (3) whether the defendant was arrested by the same law enforcement agency for both crimes; (4) when the arrests occurred and whether both crimes were solved during the course of one investigation; and (5) whether the offenses were similar. United States v. Chapnick, 963 F.2d 224, 226 (9th Cir. 1992) (prior offenses unrelated because they involved different modus operandi and different victims in spite of their closeness in time); United States v. Davis, 922 F.2d 1385, 1389 (9th Cir. 1991) (prior crimes which were of a similar type and shared the same modus operandi were not necessarily part of a common plan); cf. United States v. Houser, 929 F.2d 1369, 1373-74 (9th Cir. 1991) (prior narcotics offenses related where defendant was charged and convicted of two offenses because of a mere accident of geography and not because of nature of offenses).
 
 
 9
 Here, Ranson's crimes occurred more than two months apart. Although in both crimes Ranson targeted a single household, the specific victims of his robberies and assaults were different. The fact that Ranson was arrested by the same law enforcement agency and that both crimes were solved following that arrest does little to link the crimes together as part of a common plan. Ranson also argues that the crimes shared a common purpose, that is, "to get money and sexually molest the victims." Motives of greed and lust are common to numerous crimes; but do not necessarily evidence a common plan.
 
 
 10
 Likewise, the similarities in Ranson's modus operandi in the two cases is unavailing. Just because a criminal has a favorite method of practice or even a favorite victim, his entire predatory career does not meld into a single series of related crimes for purposes of sentencing. Davis, 922 F.2d at 1388-89 (common criminal method of passing bad checks does not demonstrate a single common scheme). Nor are we persuaded that Ranson's threat to return if the police were called makes these two crimes related. Giving a felon a substantially lighter sentence because he had the practice of threatening to return and further harass his victims would be ironic indeed. For purposes of career offender status, the district court correctly found that Ranson's prior crimes were not part of a common scheme or plan.
 
 B. Consolidation for Sentencing
 
 11
 Ranson's argument that his prior crimes were effectively consolidated for sentencing is even weaker. "[A]ll prosecutions combined for trial or sentencing count as a single conviction." United States v. Smith, 991 F.2d 1468, 1473 (9th Cir. 1993). See U.S.S.G. Sec. 4A1.2, Application Note 3. No formal order of consolidation is required for cases to be deemed "consolidated for sentencing" under the career offender provision. U.S. v. Chapnick, 963 F.2d 224, 228 (9th Cir. 1992). In lieu of a brightline rule, we have adopted a functional, fact-specific approach with the ultimate touchstone being whether the previous sentencing court "believed the ends of justice required the ... cases to be consolidated for sentencing." Id. at 229. Several factors to consider in making this determination can be gleaned from the existing caselaw. We look to see whether sentencing occurred 1) on the same day, 2) in the same court, 3) for the same offenses, 4) pursuant to a single plea agreement, 5) under the same docket number, and 6) whether concurrent sentences were imposed. Id. at 228. However, these are only factors to be considered, interpretive guideposts which are not amenable to mechanistic application, none of which alone is dispositive. See U.S. v. Davis, 922 F.2d 1385, 1390-91 (9th Cir. 1991) (neither fact that sentencing occurred on same day or fact that concurrent sentences given is dispositive).
 
 
 12
 In the present case, the defendant was sentenced by different judges, under different docket numbers in different proceedings conducted days apart. There was no plea agreement. The sentences were ordered to be served concurrently by operation of Nevada law. Neither judge ordered the sentences to run concurrently or otherwise acknowledged the other conviction in sentencing. On these facts, Ranson's cases were not consolidated for sentencing. U.S. v. Davis, 922 F.2d at 1390-91 (cases not consolidated where concurrent sentences given but no indication sentencing judge considered the offenses related); U.S. v. Taylor, 984 F.2d 298 (9th Cir. 1993) (same).
 
 III. CONCLUSION
 
 13
 Because Ranson's prior convictions were neither linked by a common scheme nor consolidated sentencing, the district court properly counted the convictions separately in determining Ranson's career offender status under the Sentencing Guidelines.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed. R. App. P. 34(a); Ninth Circuit Rule 34-4
 
 
 [1]
 The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3