98 F.3d 1347
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ricky David KOON, Defendant-Appellant.
 No. 95-50601.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1996.*
Decided Oct. 9, 1996.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ricky David Koon appeals his 151-month sentence imposed following a guilty plea to unarmed bank robbery in violation of 18 U.S.C. § 2113(a). Koon contends that the district court erred by determining that two prior robbery convictions were unrelated under U.S.S.G. § 4A1.2(a)(2) and sentencing him as a career offender pursuant to U.S.S.G. § 4B1.1. Koon argues that his prior convictions were related because they involved crimes that were part of a common scheme or plan. We have jurisdiction under 18 U.S.C. § 3742(a), 28 U.S.C. § 1291, and affirm.
 
 
 3
 Two prior felony convictions are considered related for career offender purposes "if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing." U.S.S.G. § 4A1.2, comment. (n. 3). Factors relevant to determining whether the offenses were part of a common scheme or plan are: "(1) whether the crimes were committed 'within a short period of time;' (2) whether the crimes involved the same victim; (3) whether the defendant was arrested by the same law enforcement agency for both crimes; and (4) when the arrests occurred and whether both crimes were solved during the course of one investigation." United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992) (quoting United States v. Davis, 922 F.2d 1385, 1390 (9th Cir.1991)). We also will consider the similarity of the crimes, but "a common modus operandi is not enough to demonstrate a single common scheme or plan." Davis, 922 F.2d at 1389; see also United States v. Houser, 929 F.2d 1369, 1374 (9th Cir.1990).
 
 
 4
 Here, the two prior convictions involved five robberies of various retail establishments in Riverside and San Bernadino Counties in California. The robberies were committed within eight days of each other, a factor that weighs in Koon's favor, but is not necessarily controlling. See Chapnick, 963 F.2d at 227. The robberies all involved different victims, which cuts against Koon's position. See id.; Davis, 922 F.2d at 1390.
 
 
 5
 Koon concedes that he was arrested in Riverside County, and later arrested by a San Bernadino County law enforcement agency. However, Koon contends that there was in reality a single arrest, that the later arrest simply involved transferring Koon between two county jails, and that he was never released between arrests. We fail to see the relevance of Koon's argument. Two separate law enforcement agencies arrested Koon on two separate occasions; his custody status is irrelevant to those facts. Thus, this factor weighs against Koon. See Davis, 922 F.2d at 1390.
 
 
 6
 Although Koon concedes that law enforcement agencies of the two counties conducted "technically separate investigations," he contends that the law enforcement agencies "worked closely together in all respects." While the two law enforcement agencies did exchange some information and cooperate at some points in the investigation, this is insufficient for us to conclude that both sets of crimes were solved during a single investigation. This factor harms Koon's claim. See id.
 
 
 7
 The five crimes shared several common characteristics, including similar clothing worn by Koon, the use of or reference to a gun, similar statements made by Koon, and the same motive. We reject Koon's argument that the crimes involved a common scheme or plan on this basis. Nothing indicates that the crimes "were conceived as a common 'program of action.' " See Chapnick, 963 F.2d at 227 n. 5. We also refuse to accord significant weight to a common motive underlying the crimes. See id. at 227-228 n. 5.
 
 
 8
 Finally, Koon contends that the facts of his case are similar to those in Houser, because the prior robberies "appear" to have been tried separately only because the offenses occurred in separate counties. See Houser, 929 F.2d at 1374. Thus, Koon claims that he was charged and convicted separately "merely because of geography and not because of the nature of the offenses." Id. The court in Houser observed that "[t]here was testimony at Houser's hearing that he was charged with two separate offenses only because the two drug sales took place in different counties." Id. The record in the present case contains no such evidence. The other facts in Houser were also very different. There, Houser sold drugs to the same government agent twice within a short period of time. Id. The two convictions resulted from one investigation. Id. The court noted that the sentencing court had "significant evidence" that the drug sales were part of a single common scheme or plan. Id. In Koon's case the victims were different, the investigations were different, and no evidence indicates that the robberies were part of a common scheme or plan.
 
 
 9
 In sum, the short time period between the robberies and the similarity of the robberies are insufficient for us to conclude that the district court erred by finding that the prior convictions were unrelated. See Chapnick, 963 F.2d at 226-27; Davis, 922 F.2d at 1389-90.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3