UNITED STATES of America,
Plaintiff–Appellee,

v.

Joe PETTIS, III, Defendant–Appellant.

No. 00–50727.

D.C. No. CR–00–00223–AHM.

United States Court of Appeals,
Ninth Circuit.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Submitted Sept. 10, 2001.*

Decided Sept. 21, 2001.

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Joe Pettis, III, appeals the 121 month sentence imposed after his guilty-plea conviction for bank robbery, in violation of 18 U.S.C. § 2113(a). We have jurisdiction pursuant to 18 U.S.C. § 3742, and affirm.

 Pettis contends the district court should not have sentenced him as a career offender because his prior convictions were related to each other. The district court's determination that the prior convictions were not related is subject to deferential review. *See Buford v. United States,* 532 U.S. 59, 121 S.Ct. 1276, 1280–81, 149 L.Ed.2d 197 (2001), *abrogating United States v. Davis,* 922 F.2d 1385 (9th Cir. 1991) (applying de novo review to relatedness determination). We conclude Pettis' contention is without merit.

Two prior felony convictions are considered related for career-offender status determination if they were, among other factors, "part of a single common scheme or plan." *See* USSG § 4A1.2 cmt. 3 (1998); *United States v. Allen,* 153 F.3d 1037, 1043 (9th Cir.1998). The district court found that Pettis' prior convictions were committed more than a month apart, against different victims, and in a dissimilar manner. Given the deference due to the district court, these facts support the district court's determination that Pettis' prior convictions were not part of a common plan or scheme, and therefore not related. *See United States v. Chapnick,* 963 F.2d 224, 226–27 (9th Cir.1992), *superseded on other grounds as stated in United States*

*v. Gallegos–Gonzalez,* 3 F.3d 325, 327 (9th Cir.1993).

Despite Pettis' argument to the contrary, *United States v. Houser,* 929 F.2d 1369 (9th Cir.1991), *abrogated on other grounds by Buford,* 121 S.Ct. at 1280–81 does not compel reversal. *Houser* held two offenses were related when they involved repeated drug sales to the same undercover officer, but were prosecuted separately only because the sales occurred in different counties. *See Houser,* 929 F.2d at 1374. By contrast, Pettis was convicted of two separate and dissimilar bank robberies linked only by his combined confession. Nothing in the record indicates the crimes "were conceived as a common 'program of action.' " *See Chapnick,* 963 F.2d at 227 n. 5.

AFFIRMED.