21 F.3d 1116
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Henry Soo HOO, Petitioner-Appellant
v.
UNITED STATES PAROLE COMMISSION, Respondent-Appellee
 No. 93-50486.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 7, 1994.
Decided April 14, 1994.
 
 Before: BROWNING, PREGERSON, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Henry Soo Hoo ("Soo Hoo"), a United States citizen, was convicted in Hong Kong for possession of a dangerous drug for the purpose of unlawful trafficking. Soo Hoo was sentenced to 13 years imprisonment in Hong Kong and was later transferred to the United States to serve his foreign prison term. Soo Hoo appeals from the United States Parole Commission's ("Commission") determination of his release date imposed pursuant to 18 U.S.C.A. Sec. 4106A.
 
 
 3
 Soo Hoo argues that the Commission erred in applying the Sentencing Guideline Drug Table for heroin, and not morphine, to determine his offense level. We review the Commission's application of the Sentencing Guidelines de novo. United States v. Fagan, 996 F.2d 1009, 1017 (9th Cir.1993). Whether Soo Hoo's foreign offense was most nearly similar to a morphine or heroine offense is a question of fact underlying the Commission's sentencing decision which we review for clear error. United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992). In making a release date determination, the Commission is required to consider "any documents provided by the transferring country." See 18 U.S.C.A. Sec. 4106A(b)(1)(B)(ii) (West Supp.1993). We hold that the Commission did not clearly err in determining, on the basis of the information the Hong Kong government provided pursuant to Soo Hoo's transfer to the United States, that Soo Hoo's offense was most nearly similar to a United States Code offense for heroin.
 
 
 4
 Soo Hoo also claims that the Commission erred in refusing to reduce his offense level because of his mitigating role in the offense. Whether a defendant was a minimal or minor participant is a question of fact which we review for clear error. Ajala v. United States, 997 F.2d 651, 656 (9th Cir.), reh'g denied, --- F.3d ---- (Oct. 13, 1993). The burden is on the defendant to prove by a preponderance of the evidence that a downward adjustment is merited. Id.
 
 
 5
 The Commission relied on the large quantity of drugs involved in the transaction and on Soo Hoo's knowledge of the value of the drugs to determine that he was not a minor participant. Furthermore, Soo Hoo did not present any evidence to corroborate his testimony that his only function in the smuggling conspiracy was as a courier and that he played only a minimal or minor role in the offense. It was not clear error for the commission to deny Soo Hoo a downward adjustment for a mitigating role in the offense. See Ajala, 997 F.2d at 656 (it is not clear error to deny downward adjustment where defendant does not produce any evidence to corroborate her story and her self-serving statement that she was merely a courier); United States v. Zweber, 913 F.2d 705, 710 (it is not clear error to deny a minor role adjustment where defendant picked up what he knew to be cocaine, handed the cocaine to the informant, and received money in return, demonstrating that he was trusted with responsibility in the deal); United States v. Lui, 941 F.2d 844, 849 (9th Cir.1991) (the mere fact that a defendant acted as a drug courier does not mean his or her role was minimal or minor).
 
 
 6
 Soo Hoo also argues that the Commission erred in not recognizing its discretion to depart downward for the harsh prison conditions he endured in Hong Kong. We review de novo the Commission's determination that it did not have the discretion to depart from the Sentencing Guidelines. United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992). However, here the Commission found that the prison conditions in Hong Kong did not justify downward departure. We may not review the Commission's discretionary refusal to depart from the Sentencing Guidelines. United States v. Morales, 972 F.2d 1007, 1011 (9th Cir.1992), cert. denied, 113 S.Ct. 1665 (1993).
 
 
 7
 Soo Hoo also contends that the Commission erred in not crediting him for the good time credits he earned in Hong Kong at the Hong Kong rate of 120 days per year rather than at the United States rate of 15 percent. We do not have jurisdiction to consider claims that credits earned during a period of foreign imprisonment have not been, or will not be, accounted for in a proper manner. Ajala, 997 F.2d at 656.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3