46 F.3d 1147
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Aldo GARCIA-SOBERANIS, Defendant-Appellant.
 No. 93-50773.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted: Jan. 13, 1995.
Decided: Jan. 27, 1995.
 
 1
 Before: CANBY and NOONAN, Circuit Judges, and KING,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Aldo Garcia-Soberanis appeals his convictions for importing cocaine and marijuana, possessing cocaine and marijuana with the intent to distribute, conspiring to import cocaine and marijuana, and conspiracy to possess cocaine and marijuana with the intent to distribute, in violation of 18 U.S.C. Sec. 2, and 21 U.S.C. Secs. 841(a)(1), 846, 952, 960, and 963. Garcia contends that the evidence is insufficient to sustain his convictions.
 
 
 4
 Because Garcia did not move for a judgment of acquittal, we review the sufficiency of the evidence only "to prevent a manifest miscarriage of justice or for plain error." United States v. Mora, 876 F.2d 76, 77 (9th Cir. 1989). Finding no such miscarriage or error, we affirm.
 
 I. The Conspiracy Convictions
 
 5
 Evidence is sufficient if, when it is viewed in the light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 307 (1979). Garcia concedes that there was a conspiracy. Once a conspiracy is proven, "the government need only prove a slight connection between the defendant and the conspiracy." United States v. Taren-Palma, 997 F.2d 525, 536 (9th Cir. 1993), cert. denied, 114 S.Ct. 1648 (1994).
 
 
 6
 The government introduced evidence from which a jury could infer beyond a reasonable doubt that Garcia was connected to the conspiracy. Garcia was driving a truck in which a substantial quantity of drugs was hidden in a specially designed compartment. The circumstances were such that the jury could reasonably infer that Garcia was driving with the permission of the owner -- that is, by agreement. There is also evidence from which the jury could infer that Garcia knew the truck was loaded with drugs. See United States v. Barbosa, 906 F.2d 1366, 1368 (9th Cir.) ("[M]ere possession of a substantial quantity of narcotics is sufficient to support an inference that a defendant knowingly possessed the narcotics"), cert. denied, 498 U.S. 961 (1990). Garcia seemed nervous during the inspection. See id. ("the jury also could have inferred guilty knowledge from [defendant's] apparent nervousness and anxiety during the airport inspection").
 
 
 7
 Lastly, Garcia three times changed his story about why he went to Mexico. Viewed in the light most favorable to the government, this evidence is, in combination, sufficient to sustain Garcia's conspiracy convictions.[1] We find no manifest miscarriage of justice or plain error.
 
 
 8
 II. The Importation and Possession Convictions
 
 
 9
 There is also sufficient evidence to support Garcia's importation and possession convictions. In order to sustain the importation convictions, the government must have proved beyond a reasonable doubt that Garcia knowingly possessed the drugs and brought them into the United States. Mora, 876 F.2d at 78. In order to sustain the possession with intent to distribute convictions, the government must have proved beyond a reasonable doubt that Garcia knowingly possessed the drugs with the intent to distribute them. Id. at 77, citing 21 U.S.C. Sec. 841(a)(1). As we said above, the jury reasonably could have inferred that Garcia knowingly possessed the drugs and brought them into the United States. As for his intent to distribute the drugs, either the quantity of the drugs seized, United States v. Innie, 7 F.3d 840, 844 (9th Cir. 1993), cert. denied, 114 S.Ct. 1567 (1994), or the fact that he was involved in a conspiracy to distribute drugs, is sufficient to support the jury's inference that Garcia had the requisite intent. See United States v. Ramos-Rascon, 8 F.3d 704, 711 (9th Cir. 1993). "We must respect the exclusive province of the jury to determine the credibility of witnesses, resolve the evidentiary conflicts, and draw reasonable inferences from proven facts, by assuming that the jury resolved such matters in a manner which supports the verdict." United States v. Gillock, 886 F.2d 220, 222 (9th Cir. 1989) (internal quotations omitted). A rational trier of fact could find Garcia guilty of these charges. Here, too, there was no manifest miscarriage of justice or plain error.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36-3
 
 
 [1]
 Garcia cites United States v. Penagos, 823 F.2d 346 (9th Cir. 1987) and United States v. Rubio-Villareal, 927 F.2d 1495 (9th Cir. 1991), vacated on other grounds, 967 F.2d 294 (9th Cir. 1992) (en banc), for the proposition that there was insufficient evidence to connect him to the conspiracy. In Rubio-Villareal, however, the court found Rubio-Villareal's control over the vehicle in which the drugs were found sufficient to sustain his possession convictions, but found no evidence of a conspiracy. Rubio-Villareal, 927 F.2d at 1499-1500. Here, Garcia has conceded the existence of a conspiracy. In Penagos, the only evidence connecting the defendant to the conspiracy was that he rode along with one of the conspirators and the court concluded that the "government failed to produce sufficient evidence indicating that defendant took any action in furtherance of the conspiracy." Penagos, 823 F.2d at 348. Here, Garcia himself drove the drugs across the border