46 F.3d 1147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Duane A. McWOODS, Defendant-Appellant.
 No. 94-30007.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 11, 1995.*
Decided: Jan. 30, 1995.
 
 Before: PREGERSON and TROTT, Circuit Judges, and Fitzgerald,** District Judge.
 MEMORANDUM***
 Duane A. McWoods appeals his sentence imposed under the Sentencing Guidelines following his guilty plea for possession with intent to distribute cocaine base in violation of 21 U.S.C. Sec. 841(a)(1). We have jurisdiction over this timely appeal under 18 U.S.C. Sec. 3742(a) and 28 U.S.C. Sec. 1291. We affirm.
 I. BACKGROUND
 On September 27, 1993, McWoods pled guilty to two counts of unlawful distribution of a controlled substance, 21 U.S.C. Sec. 841(a)(1), in federal district court. Following his guilty plea, the Probation Office filed a presentence investigation report (PSR) which found that McWoods' criminal history qualified him as a "career offender" under the Sentencing Guidelines. In making that designation, the Probation Office treated three robberies committed by McWoods within two weeks in Portland as related, but found that an attempted robbery McWoods committed in Vancouver, Washington two weeks later was not related.
 At his sentencing hearing, McWoods argued that he was not a career offender because the three Portland robberies and the attempted robbery in Vancouver, Washington were related cases. The district court followed the recommendation of the PSR, stating that under its reading of Ninth Circuit case law, it could not treat the four convictions as related. The district court then sentenced McWoods as a career offender to 151 months in prison.
 The facts surrounding McWoods' underlying convictions for robbery and attempted robbery are as follows. Over the course of two weeks in August 1986, McWoods committed three robberies in Portland. First, on August 16, 1986, McWoods robbed a clerk in a clothing store. Then on August 26 and August 29, 1986, McWoods robbed two dry cleaning stores. In all three robberies, McWoods wielded a steak knife.
 On September 13, 1986, before McWoods was arrested for any of the Portland robberies, he attempted to rob a convenience store just over the state border in Vancouver, Washington. In this incident, McWoods threatened the clerk with a toy gun. McWoods was arrested shortly after the attempted robbery by Clark County, Washington officials as he attempted to drive back over the border into Oregon.
 McWoods pled guilty in Clark County Superior Court to attempted second degree robbery and was sentenced to nine months in prison. After McWoods' sentencing in Clark County, the Multnomah County Circuit Court in Oregon issued a warrant authorizing McWoods' arrest for the robberies committed during August in Portland.
 When McWoods finished his ninth-month sentence for the Vancouver, Washington attempted robbery, he was released to Oregon authorities. McWoods subsequently pled guilty to three charges of robbery, and the Multnomah County court sentenced him to six years in prison for each count, to be served concurrently.
 II. ANALYSIS
 On appeal, McWoods argues that the district court erred when it failed to count the Vancouver, Washington attempted robbery as related to the three robberies in Portland, and that as a result, he was improperly sentenced as a career offender.
 The question of whether prior offenses are to be treated as related for the purpose of determining a defendant's status as a career offender is a mixed question of law and fact subject to de novo review by this court. United States v. Chapnick, 963 F.2d 224, 226 (9th Cir. 1992). Any findings of fact that underlie the district court's sentencing decision are reviewed for clear error. Id.
 Under the Sentencing Guidelines, an individual is a career offender, subject to a substantially enhanced penalty, if (a) he was eighteen years old at the time he committed the crime charged; (b) the crime charged is a felony controlled substance offense; and (c) he has two prior felony convictions of either a crime of violence or a controlled substance offense. 28 U.S.C. Sec. 994(h); U.S.S.G. Sec. 4B1.1. Section 4A1.2(a)(2) of the Sentencing Guidelines explains that in computing criminal history levels: "Prior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence for purposes of [the criminal history]." U.S.S.G. Sec. 4A1.2(a)(2).
 The commentary to section 4A1.2 states further that cases are considered related, "if they (1) occurred on a single occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing." U.S.S.G. Sec. 4A1.2, comment. (n.3). McWoods contends that the Vancouver attempted robbery and the robberies in Portland were part of a common scheme or plan. In addition, McWoods argues that the two sentences he received in Washington and Oregon were effectively a consolidated consecutive sentence.
 A) Common Scheme or Plan
 In United States v. Davis, 922 F.2d 1385 (9th Cir. 1991), we identified four factors relevant to the determination of whether prior offenses are "related" as part of a common scheme or plan: (1) whether the crimes were committed "within a short period of time"; (2) whether the crimes involved the same victim; (3) whether the defendant was arrested by the same law enforcement agency for both crimes; and (4) whether both crimes were solved during the course of one investigation. Id. at 1390. In addition, we may also look at the similarities in the offenses. United States v. Houser, 929 F.2d 1369, 1374 (9th Cir. 1990).
 In the present case, McWoods committed the attempted robbery in Vancouver, Washington two weeks after the last of the three Portland robberies. The short amount of time between the Oregon and the Washington crimes, taken by itself, weighs in McWoods' favor. See Chapnick, 963 F.2d at 227 (two weeks between burglaries was the factor which most helped the defendant, but prior convictions were not related because of other factors); Houser, 929 F.2d at 1374 (two convictions arising from drug sales that occurred about six weeks apart were related).
 One other factor helpful to McWoods is that there was no intervening arrest between the Portland robberies and the Vancouver, Washington attempted robbery. Application Note 3 to section 4A1.2 was amended in November 1991[1] so that the first sentence of the Note now reads: "Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." U.S.S.G. Sec. 4A1.2 comment. (n.3). But as we explained in United States v. Gonzalez-Gallegos, 3 F.3d 325, 327 (9th Cir. 1993), this new language in Note 3 serves only to eliminate as a preliminary matter those cases where there was intervening arrest; where there was no intervening arrest, the court must still consider the remaining factors to determine whether the prior offenses are related.
 In weighing the remaining factors, we find that McWoods' argument that the Portland and the Vancouver, Washington crimes are related must fail. The Washington case involved a different victim. McWoods was arrested by Washington authorities and detained in a Washington jail.[2] Further, during the attempted robbery in Washington, McWoods used a toy gun instead of the steak knife he had used in the Portland robberies. Finally, in the Washington case, McWoods was accompanied by an accomplice driving a getaway car, whereas the record indicates that in the Portland cases, McWoods was on foot and acting alone.
 In sum, under the test laid out for us in Davis, we find that the district court correctly ruled that McWoods' robberies in Portland and his attempted robbery in Vancouver, Washington were not part of a common scheme or plan under U.S.S.G. Sec. 4A1.2.
 B) Consolidated for Sentencing
 McWoods cites three cases from this circuit in support of his argument that his Washington and Oregon convictions should be treated as effectively "consolidated for sentencing" under U.S.S.G. Sec. 4A1.2.
 In United States v. Chapnick, 963 F.2d at 228, we found that where a state judge imposed identical sentences for the defendant's two prior burglaries on the same day at the same hearing, the cases were consolidated for sentencing under section 4A1.2. We found that the cases were consolidated even though the cases retained separate files and docket numbers and there was no formal order consolidating the two cases. Id.
 In United States v. Bachiero, 969 F.2d 733 (9th Cir. 1992), as in Chapnick, the defendant received identical concurrent sentences from the same judge at the same hearing. Again, we held that Bachiero's prior offense were consolidated for sentencing for the purposes of section 4A1.2.
 Finally, in United States v. Smith, 991 F.2d 1468, 1473 (9th Cir. 1993), we found that because Smith's prior convictions were sentenced in the same proceeding by the same judge under the same docket number, section 4A1.2 was satisfied. Quoting Chapnick, 963 F.2d at 229, we stated that "[i]f the trial court 'believed the ends of justice required the ... cases to be consolidated for sentencing,' we need inquire no further." Smith, 991 F.2d at 1473.
 
 
 1
 Here, the Oregon and Washington authorities found that the "ends of justice" did not require them to sentence McWoods concurrently for the crimes he committed in the two different states. Instead, McWoods received his sentences for the two sets of crimes nearly a year apart. Thus we reject McWoods' argument that under section 4A1.2 of the Sentencing Guidelines, his prior convictions were related because they were effectively consolidated for sentencing.
 
 III. CONCLUSION
 
 2
 The sentence of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed. R. App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The parties agree that the November 1991 Guidelines are applicable in this case
 
 
 [2]
 The Clark County police report notes that Portland law enforcement officers were present when McWoods was arrested. (Sentencing Letter Exh D at 5) But it does not appear from the record that the Portland officers were present because of any suspicion that the man arrested for that night's Vancouver attempted robbery was the same suspect wanted for the Portland robberies
 McWoods argues this was a joint investigation based on the fact that he was questioned in Clark County jail by a Portland detective. But, again, there is no indication in the record that the Portland authorities ever planned to charge him jointly with the Clark County authorities.
 McWoods also relies on a passage from McWoods' Washington sentencing to assert that the court discussed the possibility of concurrent time for the Washington and Oregon crimes. But what counsel and the court actually discussed at the sentencing was the possibility that federal authorities might charge him for some Portland bank robberies. (Sentencing Letter Exh E at 4,10) There was no discussion at that sentencing hearing about concurrent time for the charges arising from the two different states.