46 F.3d 1147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph B. MONTOYA, Defendant-Appellant.
 No. 93-10614.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 13, 1995.*
Decided Feb. 2, 1995.
 
 Before: ALDISERT,** CHOY and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Joseph B. Montoya appeals his 72-month sentence imposed after remand. He contends that the district court erred when, pursuant to U.S.S.G. Sec. 3C1.1, it increased his offense level by two points for obstruction of justice.
 
 
 3
 The district court found that Montoya obstructed justice by two different means. First, he deliberately attempted to keep evidence from discovery and then he intentionally testified falsely at trial. The district court's judgment should be affirmed summarily if either ground is supported. See United States v. Hernandez-Valenzuela, 932 F.2d 803, 805 (9th Cir.1991) (reversal not required where obstruction of justice is proper on at least one ground). Montoya does not seriously contest the district court's finding that he deliberately attempted to keep evidence from discovery. The finding is not clearly erroneous and is supported by the record that shows that Montoya belatedly produced materially incriminating evidence, including a "schedule of fees" tending to show that Montoya exacted contributions as a quid pro quo for legislation.
 
 
 4
 The finding of perjury at trial is also supported. An obstruction of justice adjustment for perjury is proper so long as the district court finds that the defendant committed all the elements of perjury under the federal criminal perjury statute, 18 U.S.C. Sec. 1621. See United States v. Dunnigan, 113 S.Ct. 1111, 1116-17 (1993).
 
 
 5
 In the remand sentencing we now review, the district court relied on its original finding of obstruction of justice in 1990. As part of that original finding, the district court noted:
 
 
 6
 ... I went through this to determine whether I believed conscientiously a finding of obstruction of justice was warranted, and the first thing any judge looks at is did the defendant, when he or she voluntarily took the witness stand, lie deliberately under oath, commit perjury in material particulars, and in more than what could be resolved as inadvertence or mistake or an immaterial matter.
 
 
 7
 (RT 3887). Applying that standard, the district court concluded that Montoya had intentionally testified falsely:
 
 
 8
 [A]s I sat through those weeks of trial and listened to every witness, my decision to make a finding of obstruction of justice is based upon cold facts that I believe were testified to that were intentionally false. I think there were a number of them.
 
 
 9
 (RT 3888).
 
 
 10
 The district court's findings encompassed all of the factual predicates for a finding of perjury under the statute and are not clearly erroneous.
 
 
 11
 Montoya finally contends that an obstruction of justice adjustment based on trial testimony impermissibly chills his right to trial by jury. The Supreme Court has expressly rejected this argument in Dunnigan, 113 S.Ct. at 1117, and United States v. Grayson, 438 U.S. 41, 54-55 (1978). See also United States v. Barbosa, 906 F.2d 1366, 1370 (9th Cir.), cert. denied, 498 U.S. 961 (1990). "There is no protected right to commit perjury." Grayson, 438 U.S. at 54.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Ruggero J. Aldisert, Senior United States Circuit Judge from the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3