46 F.3d 1147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven J. LAUNER, Defendant-Appellant.
 No. 92-50069.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1994.*
Decided Jan. 10, 1995.
Memorandum Disposition Withdrawn on Grant of Rehearing July 28, 1995.
 
 Before: SNEED, D.W. NELSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Steven J. Launer appeals the conviction imposed following his guilty plea to mailing child pornography in violation of 18 U.S.C. Sec. 2252. Launer contends that his conviction is invalid because this court had held that 18 U.S.C. Sec. 2252 was facially unconstitutional because it lacked a scienter requirement. See United States v. X-Citement Video, 982 F.2d 1285 (9th Cir.1992). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. In light of the Supreme Court's recent decision in United States v. X-Citement Video, 63 U.S.L.W. 4019 (U.S. Nov. 29, 1994), reversing 982 F.2d 1285 (9th Cir.1992), we conclude that the district court did not establish an adequate factual basis for Launer's guilty plea. Therefore, we reverse Launer's conviction and remand for further proceedings.
 
 
 3
 Title 18 U.S.C. Sec. 2252 provides, in relevant part:
 
 
 4
 (a) Any person who--
 
 
 5
 (1) knowingly transports or ships in interstate or foreign commerce by any means including computer or mails, any visual depiction, if--
 
 
 6
 (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
 
 
 7
 (B) such visual depiction is of such conduct;
 
 
 8
 * * *
 
 
 9
 * * *
 
 
 10
 shall be punished as provided by subsection (b) of this section.
 
 
 11
 Recently, the Supreme Court reversed our decision in X-Citement Video, in which we held that 18 U.S.C. Sec. 2252 was facially unconstitutional because it does not require knowledge of the minority of at least one of the performers as an element of the crime. The Supreme Court held that 18 U.S.C. Sec. 2252 includes a scienter requirement for age of minority. X-Citement Video, 63 U.S.L.W. at 4023.[1]
 
 
 12
 Launer contends argues that he should be allowed to withdraw his guilty plea because the district court did not establish that Launer knew that at least one of the participants was a minor.
 
 
 13
 On November 19, 1991, Launer pleaded guilty and was convicted of one count of mailing child pornography in violation of 18 U.S.C. Sec. 2252(a)(1).[2]
 
 
 14
 During the plea hearing, the following colloquy occurred:
 
 
 15
 The Court: I'm going to want a factual basis for plea--that is, a statement from you as to what has occurred--so that I know that you know what you're pleading to.
 
 
 16
 With respect to Count 1, you're charged with the mailing of child pornography on or about June 24, 1991: mailing of a videotape which involved minors engaged in sexually explicit conduct. What happened here?
 
 
 17
 The Defendant: I mailed the tape. It had various people on there engaged in sexual activities.
 
 
 18
 At the time I mailed it, I didn't feel that, you know, it was minors; but since reviewing with [my attorney] and what the prosecution has, we determined that they were minors.
 
 
 19
 The Court: You know they were minors?
 
 The Defendant: (Nods head up and down.)
 
 20
 The Court: And that's why you're pleading?
 
 
 21
 The Defendant: Yes, sir.
 
 RT 11/19/91 at 12
 
 22
 In making his guilty plea, Launer stated that at the time he mailed the videotape in question he did not feel that the participants were minors. This did not concern the parties or the district court because neither believed that a scienter requirement existed. Because 18 U.S.C. Sec. 2252 includes a scienter requirement for age of minority, we conclude that Launer's statement is insufficient to provide a factual basis for a plea of guilty to a violation of Sec. 2252. See X-Citement Video, 63 U.S.L.W. at 4023. Accordingly, we reverse Launer's conviction and remand with instructions to allow Launer to plead anew or proceed to trial.
 
 
 23
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Court's holding also abrogated our decision in United States v. Thomas, 893 F.2d 1066, 1070 (9th Cir.), cert. denied, 498 U.S. 826 (1990), in which we held that 18 U.S.C. Sec. 2252 does not require knowledge of the minority of at least one of the performers
 
 
 [2]
 Launer pleaded guilty and was convicted on four charges of causing obscene material to be mailed in violation of 18 U.S.C. Sec. 1461. Launer does not challenge these convictions in this appeal