UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 18, 2006[*]
Decided January 20, 2006

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-1198

GUST MARION JANIS,
    *Plaintiff-Appellant,*

    *v.*

UNITED STATES OF AMERICA,
    *Defendant-Appellee.*

Appeal from the United States
District Court for the Southern
District of Indiana, Indianapolis
Division

No. 1:04-cv-2024-JDT-TAB

John Daniel Tinder,
*Judge.*

## O R D E R

Federal inmate Gust Marion Janis brought this action against the United States (the only named defendant) seeking broadly to enjoin anyone employed by the Bureau of Prisons from interfering with his ability to pursue administrative and judicial remedies, whether state or federal. The district court characterized the suit as one claiming retaliation and dismissed it without prejudice on initial screening, *see* 28 U.S.C. § 1915A. We affirm.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

The allegations underlying Janis's complaint are quite narrow relative to the relief he seeks. Janis is serving a life sentence that was imposed in 1992. See *United States v. Janis*, 820 F.Supp. 512 (S.D.Cal. 1992), *aff'd*, 46 F.3d 1147 (9th Cir. 1995) (unpublished opinion). In September 2004, he was transferred from a federal prison in California to the United States Penitentiary at Terre Haute, Indiana. Shortly after arriving there, Janis mailed an administrative claim seeking $10 million for personal injury and property damage to the BOP's North Central Regional Office in Kansas City, Kansas. This was not a prison grievance, but instead a standard-form "Claim for Damages, Injury, or Death" that must be submitted to the BOP before anyone injured by a BOP employee—inmate or otherwise—may sue the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 267-80; see 28 C.F.R. § 14.2. Janis alleged in his administrative claim that he was improperly transferred to Terre Haute, that the medical facilities there are inadequate for his health conditions, that he was refused medical treatment after the transfer, and that he was denied access to legal materials. Of particular significance here, Janis also alleged that J. Ramer, a Unit Manager at Terre Haute, had threatened retaliation if he pursued any legal action against prison employees. (Janis had been at Terre Haute before and was known to Ramer.) After receiving Janis's administrative claim, BOP employees in Kansas City concluded that the claim should have been submitted instead to the Western Regional Office, where the transfer to Terre Haute was initiated. They forwarded the claim to that office and sent a copy to Terre Haute. When Ramer became aware of the administrative claim, he immediately lodged a disciplinary case charging Janis with falsely accusing him of making a threat. A disciplinary committee found Janis guilty and revoked his telephone privileges for thirty days. Janis, of course, insists that what he said about Ramer in his administrative claim is true, and that Ramer initiated the disciplinary case to make good on his threat.

Janis does not want damages. The goal of his suit is an injunction "to stop prison officials and employees from hindering . . . plaintiff from redressing his grievances . . . and punishing him" based on their content. Those whom Janis seeks to constrain through his proposed injunction include the Attorney General of the United States and every employee of the BOP. Janis characterized his complaint as arising under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and the regulations governing grievances submitted by BOP inmates. In dismissing Janis's suit, the district court reasoned that it could not be maintained as a *Bivens* action because under that decision the United States—the only defendant Janis named—is not an appropriate defendant, and because Janis admittedly had failed to exhaust his administrative remedies as required by 28 U.S.C. § 1997e(a). The court added, moreover, that if Janis intended by suing the United States to pursue an action under the FTCA rather than *Bivens*, then the suit must be dismissed because injunctive relief is unavailable as a remedy under the FTCA, and because the statute includes its own exhaustion requirement that Janis had not yet completed.

We agree with the district court that the United States is not a proper defendant under *Bivens*. "[T]he point of *Bivens* was to establish an action against the employee to avoid the sovereign immunity that would block an action against the United States." *Sterling v. United States*, 85 F.3d 1225, 1228-29 (7th Cir. 1996); see *F.D.I.C. v.* Meyer, 510 U.S. 471, 484-86 (1994); *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003). Janis did not name any prison employees as defendants, and the district court could not properly have substituted as defendants the individuals named in the body of the complaint. *Myles v. United States*, 416 F.3d 551-52 (7th Cir. 2005).

The district court was also correct that Janis failed to exhaust his administrative remedies as he must before bringing a *Bivens* claim. Dismissing a complaint for noncompliance with § 1997e(a) is inappropriate at the screening stage unless the failure to exhaust is obvious from the face of the complaint. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005); *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). Here, the failure to exhaust was obvious because Janis expressly admitted this shortcoming. Janis, by way of excuse, predicted from past experiences that he would suffer retaliation if he attempted to use the grievance procedures at Terre Haute. But if BOP inmates believe that they would be endangered by filing a grievance in the normal course with officials at their particular facility, see 28 C.F.R. §§ 542.13, 542.14(c)(4), they can submit their grievances directly to a Regional Director of the BOP, see *id*. § 542.14(d)(1) ("If the inmate reasonably believes the issue is sensitive and the inmate's safety or well-being would be placed in danger if the Request became known at the institution, the inmate may submit the Request directly to the appropriate Regional Director."). Janis did not explain why he never filed a grievance with the Regional Director, and while he claims that he had been denied the appropriate forms during his previous stay at Terre Haute, he does not contend that he attempted to get the proper forms this time.

In this court Janis does not dispute the district court's conclusion that he was trying to obtain relief under *Bivens* without first exhausting the grievance process. He appears to suggest, however, that under the All Writs Act, 28 U.S.C. § 1651, the district court could have enjoined interference with his grievances to ensure that Janis's ability to litigate an unexhausted *Bivens* claim would not be thwarted. See *FTC v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (recognizing a limited judicial power to issue injunctions in aid of jurisdiction that has not yet been perfected); *In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001). Indeed, in a case in which prisoners intended to challenge a prison's grooming policy that would go into effect before they could exhaust their administrative remedies, one of our sister circuit courts has allowed for the possibility— without deciding the question—that a district court may have "inherent power to protect the prisoners while they exhaust prison grievance procedures." *Jackson v. Dist. of Columbia*, 254 F.3d 262, 268 (D.C. Cir. 2001).

It is not necessary to answer this question here, however. Janis's complaint cannot fairly be construed as a request for such extraordinary relief, especially when he did not contradict the district court's characterization of his suit until now. A plaintiff must clearly articulate in the complaint the remedy he is seeking, *Vicom, Inc. v. Harbridge Merch. Serv., Inc.*, 20 F.3d 771, 775 (7th Cir. 1994), and though Janis refers us to *Dean Foods* and § 1651, he did not suggest either authority to the district court. More importantly, § 1997e(a) requires only that prisoners exhaust "available" administrative remedies before bringing a suit about prison conditions. 42 U.S.C. § 1997e(a). We have held that when prison officials interfere with a prisoner's ability to exhaust administrative remedies, those remedies are rendered "unavailable." *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005)*; Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002). Thus we have difficulty envisioning a situation where a district court would have need to stop interference with the grievance process because, where interference occurs, the inmate may simply proceed with his lawsuit; the affirmative defense of failure to exhaust administrative remedies will be lost for defendants whose conduct made those remedies unavailable. Finally, as we have said, this is not a case where Janis was at the mercy of BOP employees at his institution; all he needed to do was submit a grievance to a Regional Director to avoid the prospect of retaliation.

Accordingly, we AFFIRM the district court's dismissal without prejudice of Janis's complaint.