**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Craig ST. CLAIR, Defendant—Appellant.**

**No. 02–50526.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 8, 2004.

Decided June 18, 2004.

Ronald L. Cheng, Esq., Cynthia Valenzuela, Esq., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Karen L. Landau, Esq., Oakland, CA, for Defendant–Appellant.

Before: TROTT, RYMER, and THOMAS, Circuit Judges.

MEMORANDUM *

Craig St. Clair ("St.Clair") pleaded guilty to possession of counterfeit postal arrow keys, and possession of at least 15 unauthorized access devices, namely credit cards. St. Clair was sentenced to 135 months in federal custody. On appeal, St. Clair contends that the district court clearly erred by 1) overestimating the intended loss calculation, and 2) concluding that several of his prior convictions were not related. He also argues that his sentencing counsel was ineffective.

**Intended Loss**

The district court's determination of the amount of loss is reviewed for clear error. *United States v. Scrivener,* 189 F.3d 944, 949 (9th Cir.1999).

▮ The district court did not clearly err by using the eighteen checks that St. Clair passed or attempted to pass to fashion a "reasonable estimate" of the intended loss with respect to the 3,128 blank checks. U.S. SENTENCING GUIDELINES MANUAL § 2B1.1, cmt. n. 2(C) (2001). Although the sample size was relatively small, as a percentage of the total number of stolen checks, the district court relied on a sufficient amount of "available information" regarding past conduct to arrive at a reasonable estimate of future conduct. *Id.* In addition, the failure to apply a discount factor was not clearly erroneous given the inherent guesswork accompanying any such endeavor. The district court's method of calculating intended loss was within the purview of the Sentencing Guidelines,

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

and thus not clearly erroneous. *See Scrivener*, 189 F.3d at 949–50.

## Relatedness of Prior Convictions

 "[P]rior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing." U.S. SENTENCING GUIDELINES MANUAL § 4A1.2, cmt. n. 3 (2001). There is no dispute that the prior offenses did not occur on the same occasion. In addition the cases were neither formally nor functionally consolidated because St. Clair did not receive "identical concurrent sentences ... from the same judge on the same day at the same hearing." *United States v. Chapnick*, 963 F.2d 224, 228–29 (9th Cir.1992). The district court, therefore, did not clearly err in adopting the Presentence Report's conclusion that the offenses were not consolidated for sentencing.

St. Clair contends that because the credit card fraud was similar to the conduct for which he was arrested on July 7 and July 14, 1994, his crime spree should qualify as a "common scheme or plan." In *Chapnick*, we held that "similar crimes that share only a similar modus operandi cannot support a finding that the crimes are part of a common scheme or plan." 963 F.2d at 227 (citation omitted). The December 30th arrest was not the result of the same investigation as that resulting in the July 1994 arrests, and the crimes involved separate credit cards and victims. The district court did not, therefore, clearly err by adopting the more thorough, amended rationale contained in the Addendum to the Presentence Report. *See id.* at 226–27.

## Ineffective Assistance

 "Claims of ineffective assistance of counsel are generally inappropriate on direct appeal." *United States v. Ross*, 206 F.3d 896, 900 (9th Cir.2000). The proper avenue for raising such claims is in habeas corpus proceedings. *Id.* There are only two exceptions: "(1) when the record on appeal is sufficiently developed to permit review and determination of the issue, or (2) when the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." *United States v. Robinson*, 967 F.2d 287, 290 (9th Cir.1992) (internal citations omitted). The record is not so complete nor the alleged ineffectiveness so glaring that we should circumvent the normal process of reviewing this claim in the context of a habeas petition. Therefore, we decline the invitation to examine the merits of the ineffective assistance of counsel claim.